The Honorable Marian Reynolds State Senator, 38th District P.O. Box 121 Dodge City, Kansas 67801
Dear Senator Reynolds:
You request our opinion regarding a "non-compete" clause in a contract between the Meade district hospital and Integrated Health Services (IHS). You note that the hospital may now want to cancel the new contract and perform the covered respiratory therapy care work internally, but it is concerned that the non-compete provision of the contract will prevent in-house performance of those services. You ask us to opine as to the enforceability of this specific contract clause, given the hospital's position and concerns.
The contract term in question states:
 "The HOSPITAL agrees that it will not, without the written consent of PRIMEDICA [now IHS], upon expiration or termination of this Agreement and for a period of twelve (12) months thereafter directly or indirectly hire or be associated in any way with any employee or former employee of [IHS]: provided, however, that [if] such employee was an employee of the HOSPITAL prior to the effective date of this Agreement, the restrictions of this paragraph shall not apply."
This language creates a prohibition against the hospital hiring from a certain pool of individuals. Under this contract term, the hospital may not hire people who are, or who have been during the twelve preceding months, employed by IHS. There is an exception for persons who were already employed by the hospital at the time the agreement was entered into. This language does not prevent the hospital from providing respiratory therapy, as long as it utilizes or hires persons not described by the quoted contract clause. Current employees of IHS are not parties to this contract. However, it impacts upon them by limiting the ability of Meade district hospital to hire them at this time. The hospital administrator informs us that "[t]he enforcement will prevent a loyal, dedicated and certified respiratory therapist from being employed. The nearest opportunity for this person to seek employment is 40 miles from Meade."
K.S.A. 16-112 prohibits some restraints of trade:
 "A person, firm, corporation or association of persons doing business in this state shall not make it a condition of the sale of goods, wares or merchandise that the purchaser shall not sell or deal in the goods, wares or merchandise of any other person, firm, corporation, or association of persons, but the provisions of this section shall not prohibit the appointment of agents or sole agents for the sale of, nor the making of contracts for the exclusive sale of, goods, wares, or merchandise. . . ."
In addition, K.S.A. 50-132 speaks to anti-trust and monopolies:
 "Every person, servant, agent or employee of any firm or corporation with the state of Kansas that shall conspire or combine with any other person, firm or corporation within or without the state for the purpose of monopolizing any line of business . . . shall be guilty of a misdemeanor. . . ."
Neither of these provisions appear applicable to the contract term in question. The contract term neither attempts to prevent the hospital from providing respiratory therapy nor does it limit the sale of goods, merchandise, or wares. Rather, the clause in question prevents the hospital from employing a certain person or persons for a limited time period. It is a restraint upon the pool of potential hospital employees and the jobs available to employees of the contractor.
Under Kansas law, employment contracts containing agreements not to enter into the employ of competitors are enforceable under certain conditions. Perryton Wholesale, Inc. v. PioneerDistributing Co. of Kan., 353 F.2d 618, cert. den. 383 U.S. 945,86 S.Ct. 1202, 16 L.Ed.2d 208 (Kan. 1965). "(1) [T]he agreement must constitute, or be part of, an otherwise valid and enforceable contract; (2) the agreement must be reasonable, particularly in its restrictions as to time and geographic area; and (3) the agreement must relate to a protectable interest of the employer." Ruse, "Litigating Noncompetition Agreements in Kansas," 55 J.K.B.A. No. 3, 28 (1986). To balance interests favoring freedom to contract and those opposing restraints of trade, anti-competition covenants, ancillary to a contract of employment freely entered into with full knowledge, are valid and enforceable if restraint is reasonable under the facts and circumstances of a particular case. Francis v. Schlotfeldt, 10 Kan. App. 2d 517
(1985). The old rules concerning limitations of time and space with respect to contracts involving restraint of trade or profession have given way to the modern doctrine of reasonableness, and the test is not whether there is any restraint, but whether the restraint is reasonable under the circumstances of a particular case. Flotz v. Struxness,168 Kan. 714 (1950).
We have not considered the entire contract. However, we assume that it is otherwise enforceable. "In order to succeed in enforcing a noncompetition agreement, the employer must have a legitimate proprietary interest to protect . . . the classic proprietary interest which is always recognized is the employer's proprietary right in his customers' accounts and their goodwill." Ruse at 29. There is a readily apparent relationship between the clause in question and the interests of the current employer; this clause protects the current employer from training persons, finding work for them, and then facing direct competition for the same business from such employees. Thus, the clause in question relates to a legitimately protected interest of the employer.
This leaves only the question of whether the clause is reasonable as to time and geographic area. In Uarco Inc. v. Eastland,584 F. Supp. 1259 (D.C. Kan. 1984), the covenant in question prohibited former sales representatives from contacting or selling to specific customers they serviced during their last year of employment. The court found that the clause was enforceable since it did not preclude the employees from selling or competing outside a certain geographic area, and was only effective for two years. This is very similar to the contract provision before us.
The restriction in question limits the hospital from using certain skilled persons. It is not a contract with the employees. Presumably, current employees may seek employment with entities other than Meade district hospital, even if such employment is forty miles away. The clause does not prohibit employment of these persons by the hospital for all time, nor does it keep the hospital from currently performing the service otherwise performed by IHS employees. The hospital may now employ anyone to perform this service who is not, and has not been recently, an employee of IHS. Likewise, after the time in the contract has elapsed, it may hire persons who have worked for IHS. Thus, the clause in question appears to be reasonable and thus enforceable. We must assume that other respiratory therapists are available to the hospital. A complete lack of otherwise qualified therapists or jobs for such therapists might impact upon the reasonableness of the contract term. However, we do not believe that a court would find forty miles to be an unreasonable distance for one therapist to travel to find work.
In conclusion, Kansas case law allows covenants not to compete that are reasonable. The contract clause in question does not on its face prevent the public hospital from providing the covered service to the public, but rather limits for a time the hospital's hiring of one employee of the independent contractor currently providing the service. It is our opinion that the contract term in question is reasonable as to geographic and time restrictions and relates to a protectable interest of the employer. Thus, if it is part of an otherwise enforceable contract, the clause in question does not violate Kansas law.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:bas